JOHN G. PRATT, RESPONDENT, v. THOMAS COLLINS, APPELLANT.

*Sale by agent without disclosing his principal — right of the purchaser to set off a debt due to him from the agent in an action by the principal.*

In an action by a principal to recover the price of goods, sold for him by an agent or factor who did not disclose his principal, the purchaser may set off a debt due to him from such agent or factor, unless he knew at the time that his vendor was acting as an agent or factor, or unless circumstances were brought to his knowledge which would necessarily put him on inquiry in regard thereto. Mere public rumor or knowledge possessed by others in regard to that fact will not deprive him of his right of set-off.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the price of goods consisting of sash and doors, sold by the plaintiff through his agents, Rogers & Pratt, to the defendant. The latter put in an answer

claiming that he had bought the goods from the firm of Rogers & Pratt, consisting of George Rogers and William Pratt, and denied that the said firm were acting or sold the goods as the agent of the plaintiff. He also set up as a counter-claim a judgment recovered on December 13, 1875, against the said firm of Rogers & Pratt, which had been assigned to him by the owner thereof on June 21, 1876, which judgment he sought to have set-off against the price of the goods so purchased.

*J. M. Landon,* for the appellant.

*I. C. Ormsby,* for the respondent.

LEARNED, P. J. :

The first point made by the plaintiff is, that a person may, for good consideration, agree to waive his right of set-off. This is undoubtedly true. (*Gutchess* v. *Daniels,* 49 N. Y., 608.) But, in that case, there was an express, and not an implied agreement to waive the set-off. The parties in that case recognized the fact that a set-off would exist to the debt about to be contracted, and, for certain good reasons, the party which held the set-off was willing to agree not to assert it. But in the present case, there is nothing of that kind. To claim that the parties recognized the existence of this set-off is to admit that Rogers & Pratt, and not the plaintiff, were the vendors. And that would be to admit that the plaintiff has no cause of action. There is nothing in the fact that a purchase is for cash, which waives a set-off thereto when the vendor, instead of disaffirming the sale, as for fraud, sues for the price. This was held in *Hogan* v. *Shorb* (24 Wend., 458).

The second and more important point is, whether the defendant could set-off the judgment which he held against Rogers & Pratt. The law on this point is clearly laid down in the case last cited, and it is useless to go to earlier authorities. It is again very clearly stated by Mr. Justice BOCKES, in *Judson* v. *Stilwell* (26 How., 513), that, if goods are sold by a factor or agent, in his own name, without disclosing his principal, the purchaser has a right to set-off a debt due from him (the agent), in an action

by the principal for the price of the goods, unless, however, the purchaser knew, or had reason to believe, that the vendor was selling as agent, or unless there were circumstances such as to put him on inquiry in this respect.

The referee has found that the defendant understood, a day or two before making the purchase, that Rogers & Pratt were doing business at the shop ; that Rogers, with whom alone he had an interview, never informed him, before the delivery of the goods, that the plaintiff was carrying on the business, or that Rogers alone or with another, was an agent ; that the defendant had no knowledge or information at the time of the purchase, nor until several days after the delivery of the goods, that the plaintiff was the principal.

But he finds that the fact of the business being carried on by the plaintiff was so openly known and understood, as to be sufficient to put the defendant upon inquiry as to the same, and sufficient to afford a reasonable presumption that he had become, or was aware of said fact.

Now, it is to be noticed that, if such notoriety did afford a presumption that the defendant had become aware of the fact, such a presemption is not conclusive. It may be rebutted. And it has been rebutted in this case ; because the referee found, subsequently, that the defendant had no knowledge or information that the plaintiff was the principal. The ground, therefore, of the referee's refusal to allow the set-off must rest alone on the finding of the fact that the plaintiff's carrying on the business was so openly known as to be sufficient to put the defendant upon inquiry.

And here it should be remarked that the careful expressions in the opinion of Mr. Justice BOCKES, as to the purchaser's knowing, or having reason to believe, that the vendor was an agent, and as to circumstances to put him upon inquiry, evidently refer to facts and circumstances which actually come to the purchaser's knowledge. These expressions are not to be understood as referring to public rumor or to knowledge possessed by others. It must be either that the purchaser knew, or (what is the equivalent) that he had reason to believe that the vendor was an agent ; or that circumstances were brought to his knowledge, which would

necessarily put him on inquiry to find out whether the vendor was agent or principal.

It appears that Rogers & Pratt carried on the business till the early part of the winter of 1875, when they stopped; then, for four weeks, a firm of Collins, Hydorn & Burdick hired the place from Rogers & Pratt, and employed Rogers & Pratt to work for them there. This was a temporary matter; and afterwards the shop lay idle, until about the last of March, 1876. Then the plaintiff commenced the business. He did not buy any body out, but stocked the shop and employed Rogers & Pratt to attend to the business. He paid the hands through them. He personally made no purchases, but Rogers & Pratt made them. There was no sign on the building.

He was already mortgagee of the machinery; and the arrangement between Rogers & Pratt and the plaintiff was verbal that they should turn over the machinery to him. Until such time as the business would allow plaintiff to pay suitable wages, they were only to have their living from the business. The accounts were kept on the old books of Rogers & Pratt. The plaintiff's business was boating, running a propeller on the river. He took no measures to notify those with whom Rogers & Pratt had dealt that he was carrying on the business; and he did not examine the books to see with whom they had dealt.

After the plaintiff had commenced to carry on the business, Rogers & Pratt continued to use the bill-heads with their firm name; they used their firm cards; and there was continued in the newspaper printed at Waterford, until September 29, 1876, the firm advertisement. The plaintiff knew of this in March, 1876; and in April, he asked the editor if Rogers & Pratt had told him to take it out.

There is the evidence of the witnesses that, in the summer of 1876, the plaintiff offered to be security for Rogers & Pratt in the purchase of lumber; a fact which the plaintiff testifies that he does not recollect. The rent on the lease was paid by Rogers & Pratt as before. They gave receipts in several instances for money and lumber in their own name.

The dealing with the defendant, on which this action arises, began June 21, 1876, and there seems to be no evidence that,

prior to that date, any one except the plaintiff and Rogers & Pratt, knew that they were not carrying on business for themselves. We do not see, therefore, how it can be said that the plaintiff was publicly and openly carrying on the business. On that day the defendant went to their shop and asked for one of the firm. Rogers was pointed out, and the defendant stated that he wanted some sash, doors, etc., and gave the items. Rogers took one of the billheads, with the name of the firm, and made out an estimate, beginning : " We will furnish the following," and signed Rogers & Pratt, and gave it with the card of the firm to the defendant. The defendant in a day or two wrote to Rogers & Pratt ordering the goods with some few changes. When a part had been delivered, Rogers asked for some money on account. The defendant said he would pay (or would settle) when the whole was furnished. But it was not as he testifies, and as the referee finds, until several days after the final delivery of the goods, that he had any information that the plaintiff was the principal.

There was certainly nothing in the transaction between him and Rogers, when the goods were ordered, which gave him any reason to believe that Rogers & Pratt were agents ; but every thing to the contrary.

It must be admitted that the circumstances of the transfer of the judgment to the defendant show strongly that the object was to collect the judgment by making it a set-off against a purchase. But there is no reason to say that the parties to the transfer knew, or supposed, that the plaintiff was conducting the business. If the transfer was designed as an artifice to collect a debt from Rogers & Pratt, there appears to be nothing illegal or unjust in such collection of a debt. If the defendant had known, or had reason to believe at that time, that the plaintiff was the principal, it would have been idle to take an assignment of the judgment.

On a careful examination of all the evidence, therefore, it seems to us that the defendant had no actual knowledge that Rogers & Pratt were agents ; that there were no circumstances within his knowledge which would give him reason to believe or suspect that fact ; and finally, the fact was not so openly known or understood as to put him on inquiry in regard to the same.

The result of this is that the judgment must be reversed, a new trial granted, reference discharged, costs to abide event.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., taking no part.

Judgment reversed, new trial granted, referee discharged, costs to abide event.